UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA

09-36960

CHAPTER 13 PLAN
AND RELATED MOTIONS

Name of Debtor(s):  **Robert Shanks**
**Caryl Shanks**                     Case No:

This plan, dated __**October 23, 2009**__, is:

- ■  the *first* Chapter 13 plan filed in this case.
- ☐  a modified plan, which replaces the plan dated _____.

   Date and Time of <u>Modified Plan</u> Confirming Hearing:

   Place of <u>Modified Plan</u> Confirmation Hearing:

   The plan provisions modified by this filing are:

   Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than ten (10) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

   Total Assets: **$7,305.06**
   Total Non-Priority Unsecured Debt: **$47,061.72**
   Total Priority Debt: **$929.75**
   Total Secured Debt: **$572.32**

09-36960

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$150.00 Monthly for 55 months**. Other payments to the Trustee are as follows: __NONE__. The total amount to be paid into the plan is $__8,250.00__.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   A. **Administrative Claims under 11 U.S.C. § 1326.**

   1. The Trustee will be paid 10% of all sums disbursed except for funds returned to the debtor(s).
   2. Debtor(s)' attorney will be paid $__2,674.00__ balance due of the total fee of $__3,000.00__ concurrently with or prior to the payments to remaining creditors.

   B. **Claims under 11 U.S.C. §507.**
   The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **Virginia Department of Tax** | **Taxes and certain other debts** | 507.95 | Prorata 8 months |
| **Virginia Department of Taxatio** | **Taxes and certain other debts** | 68.89 | Prorata 8 months |
| **Virginia Department of Taxatio** | **Taxes and certain other debts** | 352.91 | Prorata 8 months |

3. **Secured Creditors and Motions to Value Collateral.**

   This paragraph provides for claims of creditors who hold debts that are secured by real or personal property of the debtors(s) but (a) are not secured solely by the debtor(s)' principal residence and (b) do not have a remaining term longer than the length of this plan.

   A. **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days of the filing of the bankruptcy petition, or if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). **Upon confirmation of the plan, the interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Est Claim Amt | (e) Interest Rate | (f) Monthly Paymt & Estimate Term** |
|---|---|---|---|---|---|
| -NONE- | | | | | |

   B. **Claims to Which §506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 3.A. After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. **Upon confirmation of the plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed and sustained by the Court.** Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement Value | (e) Interest Rate | (f) Monthly Paymt & Estimate Term** |
|---|---|---|---|---|---|
| **Fast Auto Loans** | **1994 Ford Ranger 171,000 mi** | | 1,850.00 | 7.9% | 13.95 48 months |

Page 2

**\*\* THE MONTHLY PAYMENT STATED HERE SHALL BE THE ADEQUATE PROTECTION PAYMENTS PURSUANT TO 1326(a)(1)(C) TO THESE CREDITORS UNLESS OTHERWISE PROVIDED IN PARAGRAPH 11 OR BY SEPARATE ORDER OF THE COURT.**

    C.    **Collateral to be surrendered.** Upon confirmation of the plan, or before, the debtor will surrender his or her interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled shall be paid as a non-priority unsecured claim. The order confirming the plan shall have the effect of terminating the automatic stay as to the collateral surrendered.

| Creditor | Collateral Description | Estimated Total Claim | Full Satisfaction (Y/N) |
|---|---|---|---|
| -NONE- | | | |

4.    **Unsecured Claims.**

    A.    **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __7__ %. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately __0__ %.

    B.    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

5.    **Long Term Debts and claims Secured by the Debtor(s)' Primary Residence.**

Creditors listed below are either secured by the debtor(s)' principal residence or hold a debt the term of which extends beyond the term of this plan.

    A.    **Debtor(s) to pay claim directly.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    B.    **Trustee to pay the contract payments and the arrearages.** The creditors listed below will be paid by the Trustee the regular contract monthly payments during the term of this plan. The arrearage claims, if any, will be cured by the Trustee by payments made either pro rata with other secured claims or by fixed monthly payments as indicated below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

6.    **Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    A.    **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

Page 3

B.  **Executory contracts and unexpired leases to be assumed.**  The debtor(s) assume the following executory contracts.  The debtor agrees to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

7.  **Motions to Avoid Liens.**

   A.  **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis and Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

   B.  **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for informational purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

8.  **Treatment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.

9.  **Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, or encumber real property without approval of the court.

10. **Incurrence of indebtedness.**  During the term of the plan, the debtor(s) shall not voluntarily incur additional indebtedness in an amount exceeding $5,000 without approval of the court.

11. **Other provisions of this plan:**

| Creditor | Adequate Protection Payment |
|---|---|
| -NONE- | |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                                                                Best Case Bankruptcy

09-36960

**11.A** The pre-confirmation adequate protection payment to all applicable secured creditors shall be: **$25.**

**11.B List of Creditors to be Paid:** Debtor understands that the trustee will send a confirmation letter listing claims that will be paid. Debtor will CAREFULLY review the list. Any debts that MUST BE PAID must be listed. If NOT listed, the debt will NOT be paid and the debt may remain after discharge. The debtor will, on receipt of the trustee list of "CLAIMS BEING PAID," contact ONLY Oulton at (804) 334-6265 if any "MUST BE PAID" claim is omitted.

**11.C Debtor Education Certificate:** Debtor agrees to obtain a "DEBTOR EDUCATION CERTIFICATE" and provide a copy to Oulton within 20 days from signing of this plan. Debtor understands the requirement to obtain a "DEBTOR EDUCATION CERTIFICATE" and has been provided with the information needed to obtain it.

**11.D Later Conversion to Chapter 7:** the client elects Chapter 13 while understanding the alternative of Chapter 7. Should the client later seek to convert to Chapter 7, it is agreed that the client must qualify and the conversion representation will be a new matter not anticipated when the $3,000.00 Chapter 13 fee was explained and agreed to. The agreed pre-paid fee to convert to Chapter 7 $1,900.00 which has been agreed must be paid prior to a Motion to Convert being filed.

**11.E** Debtor understands responsibility to make all payments: If "voluntary payment": Debtor will make all payments to the Tennessee address. If "wage assignment payments": Debtor will make TWO monthly payments directly to the case trustee. If a proper Wage Assignment is not operative with deductions occurring, the debtor will continue to make direct trustee payments. To do so may result in case being dismissed for non-payment.

**11.F** All previous discussion and agreements are superseded. Agreements and discussions between the client and the attorney are by agreement merged into and superseded by the case schedules, statements, plan and related case filings.

**Signatures:**

**Dated:**   **October 23, 2009**

**/s/ Robert Shanks**  
**Robert Shanks**  
**Debtor**

**/s/ RICHARD J. OULTON, ESQUIRE**  
**RICHARD J. OULTON, ESQUIRE 29640**  
**Debtor's Attorney**

**/s/ Caryl Shanks**  
**Caryl Shanks**  
**Joint Debtor**

**Exhibits:**    Copy of Debtor(s)' Budget (Schedules I and J);
Matrix of Parties Served with plan

Certificate of Service

I certify that on   **October 23, 2009**   , I mailed a copy of the foregoing to the creditors and parties in interest on the attached

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                                                                                                              Best Case Bankruptcy

Service List.

09-36960

**/s/ RICHARD J. OULTON, ESQUIRE**

**RICHARD J. OULTON, ESQUIRE 29640**
Signature

**P. O. BOX 5158**
**GLEN ALLEN, VA 23058**
Address

**804-747-7707**
Telephone No.

Ver. 06/28/06 [effective 09/01/06]

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

**B6I (Official Form 6I) (12/07)**

In re **Robert Shanks**
**Caryl Shanks**
Debtor(s)

Case No. **09-36960**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **Granddaughter** **Grandson** | AGE(S): **10** **13** |

| **Employment:** | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Trucker** | **Stocker** |
| Name of Employer | **Trans Am** | **Target** |
| How long employed | **5 months** | **12.5 years** |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---:|---:|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ **12,481.43** | $ **2,412.06** |
| 2. Estimate monthly overtime | $ **0.00** | $ **0.00** |
| 3. SUBTOTAL | $ **12,481.43** | $ **2,412.06** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|   a. Payroll taxes and social security | $ **0.00** | $ **557.44** |
|   b. Insurance | $ **0.00** | $ **211.55** |
|   c. Union dues | $ **0.00** | $ **0.00** |
|   d. Other (Specify) **See Detailed Income Attachment** | $ **10,139.31** | $ **180.31** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **10,139.31** | $ **949.30** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **2,342.12** | $ **1,462.76** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **0.00** |
| 8. Income from real property | $ **0.00** | $ **0.00** |
| 9. Interest and dividends | $ **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **0.00** |
| 11. Social security or government assistance (Specify): | $ **0.00** | $ **0.00** |
|  | $ **0.00** | $ **0.00** |
| 12. Pension or retirement income | $ **0.00** | $ **0.00** |
| 13. Other monthly income (Specify): **1/12th 2008 Federal Tax Refund** | $ **185.92** | $ **0.00** |
|  | $ **0.00** | $ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **185.92** | $ **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **2,528.04** | $ **1,462.76** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **3,990.80** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**09-36960**

B6I (Official Form 6I) (12/07)

In re **Robert Shanks / Caryl Shanks**, Debtor(s)  Case No. **09-36960**

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
### Detailed Income Attachment

**Other Payroll Deductions:**

| | | |
|---|---:|---:|
| LTD | $ 0.00 | $ 36.18 |
| 401(k) loan | $ 0.00 | $ 100.19 |
| Supp life | $ 0.00 | $ 38.42 |
| SP/DP life | $ 0.00 | $ 4.98 |
| United Way | $ 0.00 | $ 0.54 |
| Deductions (fuel, repairs, lease, supplies) | $ 10,139.31 | $ 0.00 |
| **Total Other Payroll Deductions** | **$ 10,139.31** | **$ 180.31** |

B6J (Official Form 6J) (12/07)

In re **Robert Shanks / Caryl Shanks**, Debtor(s)     Case No. **09-36960**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| Item | Amount |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 950.00 |
| a. Are real estate taxes included? Yes ___ No **X** | |
| b. Is property insurance included? Yes ___ No **X** | |
| 2. Utilities: a. Electricity and heating fuel | $ 200.00 |
| b. Water and sewer | $ 60.00 |
| c. Telephone | $ 0.00 |
| d. Other **See Detailed Expense Attachment** | $ 750.00 |
| 3. Home maintenance (repairs and upkeep) | $ 30.00 |
| 4. Food | $ 800.00 |
| 5. Clothing | $ 125.00 |
| 6. Laundry and dry cleaning | $ 35.00 |
| 7. Medical and dental expenses | $ 175.00 |
| 8. Transportation (not including car payments) | $ 400.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 50.00 |
| 10. Charitable contributions | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
| a. Homeowner's or renter's | $ 0.00 |
| b. Life | $ 0.00 |
| c. Health | $ 0.00 |
| d. Auto | $ 88.50 |
| e. Other | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify) **Personal Property** | $ 20.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
| a. Auto | $ 0.00 |
| b. Other | $ 0.00 |
| c. Other | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other **See Detailed Expense Attachment** | $ 157.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 3,840.50 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME
a. Average monthly income from Line 15 of Schedule I       $ 3,990.80
b. Average monthly expenses from Line 18 above               $ 3,840.50
c. Monthly net income (a. minus b.)                                       $ 150.30

Case No. 09-36960

**B6J (Official Form 6J) (12/07)**

In re **Robert Shanks / Caryl Shanks**, Debtor(s)  Case No. **09-36960**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
## Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---:|
| gas (approx. 12-month avg) | $ 115.00 |
| cable/Internet | $ 200.00 |
| Cell phone | $ 275.00 |
| Verizon | $ 160.00 |
| **Total Other Utility Expenditures** | **$ 750.00** |

**Other Expenditures:**

| | |
|---|---:|
| Educational Funds for minor children | $ 22.00 |
| Emergency Funds | $ 75.00 |
| Personal hygiene | $ 60.00 |
| **Total Other Expenditures** | **$ 157.00** |

09-36960

Accounts Receivable Mgmt
PO Box 129
Thorofare, NJ 08086-0129


Afni
404 Brock Dr.
PO Box 3517
Bloomington, IL 61702-3517


Apria Healthcare
1328 S Highland Ave
Jackson, TN 38301-7369


Apria Healthcare
PO Box 536841
Atlanta, GA 30353-6841


Apria Helathcare
P.O. Box 1170
Fairfax, VA 22030


Beneficial/Hfc
Po Box 1547
Chesapeake, VA 23327


Bon Secours
Richmond Health System
P.O. Box 11302
Richmond, VA 23230


Bon Secours
Richmond Health System
PO box 28538
Richmond, VA 23228


Cap One
Po Box 85520
Richmond, VA 23285


Cap One
Po Box 85015
Richmond, VA 23285-5075

09-36960

Checks into Cash
7601 W Broad Street
Suite E
Richmond, VA 23294


Cold Harbor Medical
7255 Hanover Green Drive
Mechanicsville, VA 23111


Commonwealth Radiology
1510 Willow Lawn Dr.
Suite 102
Richmond, VA 23230


Credit Adjustment Bo
306 East Grace Street
Richmond, VA 23219


Credit Adjustment Board
306 East Grace Street
Richmond, VA 23219


Credit Management Services
4560 South Boulevard #100
Virginia Beach, VA 23452


Credit Management Services 382
PO Box 931
Brookfield, WI 53008-0931


ERSolutions
800 SW 39th St
PO Box 9004
Renton, WA 98057


Fast Auto Loans
5218 W Broad St
Richmond, VA 23230


Ford Cred
Po Box Box 542000
Omaha, NE 68154

09-36960

Ford Motor Credit Co.
PO Box 6508
Mesa, AZ 85216-6508


Glasser & Glasser
PO Box 3400
Norfolk, VA 23514


Health Consultants of Virginia
PO Box 8266
Richmond, VA 23226


Horizons Inc
9200 Forest Hill Ave
Suite C-2
Richmond, VA 23235


Hsbc Bank
Po Box 5253
Carol Stream, IL 60197


Law Offices of Joel Cardis
2006 Swede Rd
Suite 100
Norristown, PA 19401


Law Offices of Randolph, Boyd,
Cherry & Vaughan
13 East Main Street
Richmond, VA 23219


MCV Physicians
1605 Rhoadmiller Street
Richmond, VA 23220-1100


NCO Financial
507 Prudential Road
Horsham, PA 19044


Paramont Capital Group
300 Conshohocken State S
Conshohocken, PA 19428

09-36960

Paramount Capital Group
PO Box 409
Conshohocken, PA 19428-0409


Parrish and Lebar
5 East Franklin Street
Richmond, VA 23219


Patient First
Lockbox 4661
PO Box 85080
Richmond, VA 23285


Photos, Memories, and More
PO Box 26596
Lehigh Valley, PA 18002-6596


Sam's Club
attn: Bankruptcy Dep't
P.O. Box 981064
El Paso, TX 79998-1064


Sam's Club
PO Box 981064
El Paso, TX 79998-1064


Sleep Disorders Center of VA
1800 Glenside Dr
Suite 103
Richmond, VA 23226


Tnb - Target
Po Box 673
Minneapolis, MN 55440


Transworld Systems
PO Box 1864
Santa Rosa, CA 95402


VCU Health System -- MCV Hosp
PO Box 26728
Richmond, VA 23261-6728

09-36960

Virginia Department of Tax
PO Box 1115
Richmond, VA 23218-1115


Virginia Department of Taxatio
PO Box 1115
Richmond, VA 23218-1115


Virginia Physicians
Radiology
PO Box 70188
Richmond, VA 23225-0188


Virginia Physicians
PO Box 70188
Richmond, VA 23225-0188